COPE, J.
Representative Manuel Prieguez appeals a $1,500 fine imposed by the Florida Elections Commission for failure to timely file his campaign treasurer’s report. Because *509 the report should have been treated as timely filed, we reverse the order imposing the fine.
Representative Prieguez ran for Florida House of Representatives seat 113 in Miami in the 1998 election. A campaign treasurer’s report was due with the Department of State in Tallahassee on Friday, August 28, 1998. However, under the applicable statute, “any report postmarked by the United States Postal Service no later than midnight of the day designated shall be deemed to have been filed in a timely manner.” § 106.07(2)(a), Fla. Stat. (1997). According to his affidavit, Representative Prieguez personally took the campaign treasurer’s report to the post office on Friday, August 28. The Department of State received the report in Tallahassee on Monday, August 31,1998.
The Department took the position that the campaign treasurer’s report was late, because the envelope was poorly postmarked by the Postal Service so that the day of mailing is not readable.[1] The Department reasoned that in the absence of a postmark which reveals the day of mailing, the Department will treat the report as being filed on the date it was actually received in Tallahassee. See id. § 106.07(8)(b)l.[2]
Representative Prieguez submitted an affidavit swearing that he had personally mailed the campaign report on Friday, August 28. It is undisputed that the report reached the Department on Monday, August 31, and we judicially know that the ordinary course of mail from Miami to Tallahassee is at least two days, which is consistent with the Representative’s affidavit.
The Elections Commission candidly states: “It is true that the Commission has, in the past, looked to affidavits filed by parties that asserted timely mailing and, if the circumstances otherwise seemed to support the assertion, the [Commission] would deem the report timely filed. Several, earlier orders of the Commission reflected this position.” Answer brief at 12 (citations omitted).
The Commission says, however, that during 1998 it had been working on a revision to its administrative rules. On September 4, 1998, the Commission noticed for public comment, and on January 11, 1999, adopted, Rule 2B-1.0052 which states in part, “If a report is received after the due date and there is no postmark or the postmark is illegible, it shall not be deemed timely filed unless the appealing party submits a copy of a proof of mailing.” Id. R. 2B-1.0052(2).[3] The notice for public comment, and the formal adoption of the rule, both came after Representative Prieguez’s August 28 mailing.
With due respect to the Commission, the official change in the Commission’s policy came when the Commission formally adopted the new rule on January 11, 1999. The new rule was not in effect when the Representative mailed his report. The fact that the Commission was discussing a possible change in policy does not make a difference. Even after the Commission published the proposed rule for comment (and this did not occur until a week after Representative Prieguez sent in his campaign treasurer’s report), the Commission was still not bound to adopt it and could have modified or withdrawn it at any time.
As we see it, the statute allows a candidate to file the report by mail and rely on the United States Postal Service postmark. See § 106.07(2)(a), Fla. Stat. (1997). The fact that the postal service affixed a post *510 mark which made the date too faint to read is not the candidate’s fault. The illegible postmark raised a factual issue about when the envelope was postmarked. The Representative’s affidavit regarding the Friday mailing was uncontroverted. The physical receipt of the campaign treasurer’s report in Tallahassee on Monday is consistent with the Representative’s statement that he mailed the report on Friday. Thus, under the existing administrative practice of the Commission, the report should have been deemed timely filed.
The order under review is reversed and the cause remanded with directions to enter a final order in favor of Representative Prieguez.

. What is readable is "PM AUG 1998.”

. The statute allows other alternatives: "A certificate of mailing obtained from and dated by the United States Postal Service at the time of mailing, or a receipt .from an established courier company, which bears a date on or before the date on which the report is due, shall be proof of mailing in a timely manner.” Id. § 106.07(2)(a).

.A similar amendment was incorporated into Rule 2B-1.0055, which also became effective January 11, 1999.